UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

| | | |
|---|---|---|
| CITY OF BIRMINGHAM FIREMEN'S AND POLICEMEN'S SUPPLEMENTAL PENSION SYSTEM, Individually and on Behalf of All Others Similarly Situated, | : : : : : | Civil Action No. 1:18-cv-10330-JPO <u>CLASS ACTION</u> PROTECTIVE ORDER |
| Plaintiff, | : : | |
| vs. | : : : | |
| RYANAIR HOLDINGS PLC and MICHAEL O'LEARY, | : : : | |
| Defendants. | : : x | |

———————————————————————

Discovery requests and subpoenas served in the above-captioned action (the "Action") may call for the production or disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c) and personal data or other private or competitively sensitive information for which protection from public disclosure and from use for any purpose other than prosecuting or defending this Action is warranted. Accordingly, Defendants hereby petition the Court to enter the following Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Order does not entitle them to file confidential information under seal.

## I.        DEFINITIONS

1.        Highly Confidential Material: any Party or Non-Party may, subject to the provisions of this Order, designate as "Highly Confidential" any information that constitutes Foreign Personal Data or proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, including, but not limited to: (i) pricing and business strategy documents; (ii) financial information not previously disclosed to the public, such as statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data; (iii) sales information or communications relating to specific customers or classes of customers; or (iv) proprietary business information or confidential trade secrets. Highly Confidential Material includes information for which applicable law – whether foreign or domestic – requires the equivalent of "Highly Confidential" treatment as set forth in this Order.

- 3 -

2.      Confidential Material: any Party or Non-Party may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Party or Non-Party believes in good faith is confidential or that qualifies for protection under Fed. R. Civ. P. 26(c).

3.      Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential," provided, however, that the "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

4.      Counsel (without qualifier): Outside Counsel and In-House Counsel.

5.      Designating Party: any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential."

6.      Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

7.      Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

8.      Foreign Personal Data: sensitive personally identifiable information or information subject to foreign data protection laws or other privacy obligations, including, without limitation, the Directive 95/46/EC of the European Parliament and the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (EU Data Protection Directive); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 (General Data Protection Regulation); Data Protection Act 2018 (c. 12) (United Kingdom personal information). Foreign Personal Data shall be treated as Highly Confidential Material under this Order; provided, however, that nothing herein shall be construed as limiting the ability of any Party or Non-Party to object to the production of Foreign Personal Data, nor the ability of any Party or Non-Party to challenge such objection.

9.      In-House Counsel: attorneys and other personnel directly employed by a Party to perform or support legal functions, to whom disclosure of Confidential Material or Highly Confidential Material is reasonably necessary in connection with the prosecution or defense of this Action. In-House Counsel does not include Outside Counsel or any other outside counsel.

10.      Non-Party: any natural person or entity that is not a named party to the Action.

11.      Outside Counsel: attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party, but who have been retained to represent or advise a Party in connection with this Action.

12.      Party: any party to the Action, including all of its affiliates, officers, directors, and employees.

13.      Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, the work product doctrine and/or any other applicable statute, law, regulation, privilege, or immunity.

- 5 -

14.     Producing Party: any Party or Non-Party that produces Discovery Material in this Action.

15.     Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or processing data in any form or medium, etc.) and their employees and subcontractors.

16.     Receiving Party: any Party or Non-Party that receives Discovery Material from  a Producing Party.

## II.     SCOPE

The protections conferred by this Order and the limitations on the use of information obtained during the course of discovery in this Action as set forth in this Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Except as set forth in §XIV.3, this Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with this Action.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,  including  becoming  part  of  the  public  record  through  trial  or  otherwise;  and  (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## III.     DURATION

The obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## IV.     DESIGNATING OR REDACTING DISCOVERY MATERIAL

1.      Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

2.      Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)      For information in non-native documentary form, that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document, and include the applicable designation in the metadata produced for such document.

(b)      For deposition transcripts and/or deposition exhibits in this Action, that the Designating Party designate any portions of the testimony as "Confidential" or "Highly Confidential" on the record of the deposition, or in writing on or before the later of (i) 30 calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the  preceding sentence shall be protected by the provisions of this Order.  The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be

designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court or as provided in Section IV.3 (Inadvertent Failures to Designate).  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the  legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.  If all or a part of a videotaped deposition is designated as "Confidential"  or "Highly Confidential," the DVD, plus any container, shall be so labeled.

        (c)    For information produced in electronic, audio, or video format for productions of documents produced in native format (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in  a prominent place on the exterior of the container or containers in which the information or item  is stored and/or on the document. Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

        (d)    For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on the placeholder page.

        (e)    For interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to service.

(f)     For reports created by an expert or consultant relying on or incorporating Confidential Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the cover of the report.

3.     Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation. Thereafter, the material so designated shall be treated as Protected Material in conformity with the new designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party will replace the incorrectly designated material and will destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Protected Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Protected Material promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate information or documents as Protected Material does not waive the Producing Party's right to secure protection under this Order for such material.

4.     Upward Designation of Information or Documents Produced by Other Parties or Non-Parties: A Party or Non-Party may upward designate (*i.e.*, change any Discovery Material produced without a designation of Confidential Material or Highly Confidential Material to Confidential Material or Highly Confidential Material) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward designating Party's or Non-Party's Confidential Material or Highly Confidential Material. Upward designation shall be accomplished by providing written notice to all Parties and/or Non-Parties identifying (by

production number or other individually identifiable information) the Discovery Material to be re-designated. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section VI regarding challenging designations.

## V. REDACTIONS

1. Privilege Redactions: Any Producing Party may redact from any Discovery Material any Privileged Material. For redacted items that were originally electronically stored information ("ESI"), and to the extent practicable in light of applicable privilege assertions, metadata fields will be provided and will include as much non-redacted data as practicable without waving any privilege claims. Any Discovery Material redacted for privilege shall be identified as such in the load file provided with the production.

## VI. CHALLENGING DESIGNATIONS OR REDACTIONS

1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality or a redaction at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or redaction is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation is disclosed.

2. Meet and Confer: If a Party elects to challenge a Designating Party's confidentiality designation or redactions, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practicable, including, for example, by production number, and by providing a basis for the challenge. The objecting Party and the Designating Party shall, within ten business days after service of the written objections, meet and confer concerning the objection,

unless otherwise agreed. If the Designating Party agrees to change a confidentiality designation or redaction, it must promptly notify all Receiving Parties that it is withdrawing the designation. If no change in the designation or redaction is offered, the Designating Party is to identify the basis for the chosen designation or redaction.

3.     Judicial Intervention: If the Parties are not able to resolve a dispute about a confidentiality designation or redaction during the meet-and-confer process set forth in §VI.2, the Party challenging the designation or redaction may seek relief from the Court within 21 days following the failure of the Parties' meet and confer efforts in accordance with its rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material's designation or redaction should be changed, the Parties shall immediately treat the material in accordance with the Court's change in designation, and the Designating Party shall reproduce copies of all materials with their designations or redactions changed in accordance with the ruling within ten business days of the ruling.

## VII.    ACCESS TO AND USE OF DISCOVERY MATERIAL

1.     Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation, action or proceeding, or evaluation of other potential claims not asserted in the

Action. Following the termination of this Action, each Receiving Party must comply with the provisions of §XII below.

2.  Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)  the Receiving Party's Counsel;

(b)  current officers, directors, or employees of each Receiving Party;

(c)  Experts and/or Consultants retained by a Party or its Counsel to serve as expert witnesses or consultants in this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any part of a report created by such Expert and/or Consultant discussing Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation. Experts and/or Consultants may not use Confidential Material for any purpose that does not relate to the prosecution or defense of this Action;

(d)  the Court and its personnel, subject to the requirements of §XI, below;

(e)  special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)  court reporters and/or videographers, their staffs, and Professional Vendors;

(g)  the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment by the Designating Party, a person who is specifically identified in the document or its accompanying metadata, or a custodian or other person who otherwise possessed or knew the information;

provided, however, that: (i) the person is not permitted to retain copies of the Confidential Material; and (ii) the person is explicitly informed by Outside Counsel that this Order forbids him or her to disclose the Confidential Material except as permitted under this Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(h)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the Action not otherwise authorized to view the Confidential Material in question, during that witness' testimony at a deposition, hearing, or trial in the Action, or in preparation for the same, provided that: (i) the witness, or counsel for the witness, has been provided a copy of this Order, and the Party causing issuance of the subpoena or notice has requested that the witness sign the "Agreement to Be Bound by Protective Order" (Exhibit A); and (ii) the witness is not permitted to retain the Confidential Material after the witness is examined regarding the Confidential Material;

(i)     relevant employees of or counsel to any insurer to a Party;

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Confidential Material, or to whom disclosure is required by law, subject to the requirements of §XVII below.

Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute or defend this Action.

3.     Disclosure of Highly Confidential Material: Unless ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the persons described in §§VII.2(a), (c)-(k).

4.     Retention of Exhibit A: Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for six  months

- 13 -

following the final termination of this Action, including any appeals, and shall make them available to other Parties, Non-Parties, or the Court upon good cause shown.

5.     Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in §§VII.2(g), (h), and (j), who have been shown Protected Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Protected Material was disclosed.

## VIII.   STORAGE OF PROTECTED MATERIAL

The recipient of any Protected Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## IX.   DATA SECURITY

Any person in possession of Protected Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material, protect against any reasonably anticipated threats or hazards to the security of such Protected Material, and protect against unauthorized access to Protected Material. To the extent a party or person does not have an information security program, they may comply with this provision by having the Protected Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

## X.     LOSS OF PROTECTED MATERIAL OR BREACH OF SECURITY

If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or authorized recipient must, as soon as practicable, but in any event, not longer than five business days after discovery of the breach by Counsel: (i) notify in writing the Designating Party of such breach; (ii) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Designating Party with assurances reasonably satisfactory to the Designating Party that such breach shall not recur; and (iii) provide sufficient information about the breach so that the Designating Party can reasonably ascertain the size and scope of the breach.  The Receiving Party or authorized recipient agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## XI.    FILING PROTECTED MATERIAL

1.      In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Discovery Material that contains material designated as Confidential or Highly Confidential under this Order, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court.  In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material that contains information not satisfying the five categories of "sensitive information" or the six categories of information requiring caution under the S.D.N.Y. ECF Privacy Policy, Counsel shall apply to the

Court for permission to file the relevant Protected Material (or portions thereof) under seal or in redacted form in accordance with §2.E. of the Court's Individual Practices in Civil Cases. However, the Party seeking to file the Protected Material with the Court may seek written permission from the Producing Party to file such Protected Material in the public record. The Parties understand that designation of information as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" does not automatically entitle the Parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information.

2.      Seeking to file under seal or in redacted form shall be without prejudice to any Party's right to argue to the Court that such document is not Protected Material and need not be filed under seal.

## XII.   FINAL DISPOSITION

1.      This Action shall be deemed finally terminated after both (i) final judgment, and (ii) the completion and exhaustion of all appeals, or the period within which to appeal has expired.

2.      Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within 60 calendar days after the final termination of this Action, each Receiving Party shall undertake best efforts to return to the Producing Party all Discovery Material or, at the option of the Receiving Party, to destroy all Discovery Material. In either case, the Receiving Party shall, upon request, provide the Producing Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Discovery Material, except (i) for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule,

or regulation, and (ii) that information saved on backup media in an electronically-stored format will be certified to have complied with the 60-day destruction period if the Party has a data-destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically-stored information; provided, however, that these materials will continue to be subject to the terms of this Order.  Notwithstanding this provision, as to those Discovery Materials that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel need not destroy or return such materials; provided, however, that these materials remain subject to this Order.

3.     This Order shall survive the termination of this Action, and this Court shall  have continuing jurisdiction for enforcement of its provisions following termination of this Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## XIII.   A PRODUCING OR RECEIVING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Protected Material.

## XIV.   PROTECTION AND CLAW BACK OF PRIVILEGED MATERIAL

1.     The production of Privileged Material (including metadata), whether inadvertent or otherwise, does not constitute a waiver of any privilege or protection from discovery in this case or

in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by the Fed. R. Evid. 502(d). Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, or other protected Discovery Material (including metadata) for responsiveness and/or segregation of Privileged Material or other protected information before production.

2.      In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

3.      Upon notice that a Producing Party wishes to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party must promptly cease any use or disclosure of the claimed Privileged Material until any dispute regarding the claim of privilege is resolved, except as necessary to dispute the claim of privilege. Within ten business days of the claw back notice, the Producing Party shall produce a privilege log with respect to any Privileged Material. Within 14 days after receipt of such a claw back notice, the Receiving Party must certify to the Producing Party that it has (i) returned, sequestered, or destroyed the claimed Privileged Material and any copies of the same and (ii) taken reasonable steps to retrieve the Privileged Material if the Receiving Party already disclosed it to another Party or Non-Party. In the same certification, the Receiving Party, if it chooses to object, may notify the Producing Party in writing whether it objects to the designation of the material as privileged or protected. In the event the Receiving Party asserts an objection to the claw back notice, then within fourteen (14) calendar days of the receipt of such an objection, the Receiving Party and the Producing Party must meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected. If the Parties cannot resolve their disagreement, the Producing

Party may, within 21 days following the failure of the Parties' meet and confer efforts, present the information to the Court under seal for a determination of the Producing Party's claim of privilege or protection or otherwise initiate applicable discovery dispute resolution procedures. If the Court determines that the material is privileged or otherwise protected, the Receiving Party must immediately return or destroy the inadvertently disclosed Protected Material and all copies of it.

4.      If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, the Party may at its sole election: (i) allow the document to be used during the deposition without waiver of its claim of privilege or protection; or (ii) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party allows the examination concerning the document to proceed on a nonwaiver basis, the Parties shall sequester, return, or destroy all copies of the purportedly privileged or protected document pursuant to §XIV.3 once the deposition is concluded. Until any such disputes are resolved, all Parties who have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as Privileged Material. In the event that the Producing Party elects to instruct the witness not to answer questions concerning the claimed Privileged Material, the Receiving Party may reserve its right to reopen the deposition to ask questions concerning the document in the event the Court ultimately finds the material improperly withheld, with the rights of the Producing Party in respect of any such request expressly reserved.

## XV.    FOREIGN PERSONAL DATA

To the extent any Party seeks to redact, otherwise withhold, or claw back any Foreign

Personal Data or other personal or private information subject to data protection laws or other

privacy obligations, such redaction, withholding, or claw back shall be governed by a separate

data privacy order (any such order, the "Data Privacy Order"), which, if sought, shall be

negotiated by the Parties in good faith or, if the Parties are unable to reach agreement, which

may be sought by any Party in a manner consistent with the Court's Individual Practices in Civil

Cases.

## XVI.    USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Protected Material at the

trial of this Action during preparation of the Joint Pretrial Order to be submitted in accordance with

the Court's Individual Practices in Civil Cases and Fed. R. Civ. P. 26(a)(3). *See* August 20, 2020

Civil Case Management Plan and Scheduling Order (ECF No. 58), ¶9. If any undersigned  Party

contemplates the use of Protected Material at any pre-trial hearing, such Party shall notify all Parties

of such intent not fewer than five business days prior to the hearing.  Where a hearing is scheduled

on less than five business days' notice, the Parties agree to meet and confer as soon as practicable

after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing and  if

unsuccessful, shall present the issue to the Court for resolution. The use of Protected Material  at

hearings or at trial shall not cause such Protected Material to lose its status as Confidential Material

or Highly Confidential Material.  Counsel shall comply with all applicable local rules and shall

confer on such procedures that are necessary to protect the confidentiality of any documents,

information, and transcripts used in the course of any hearings or at trial, including petitioning the

Court to close the courtroom.

- 20 -

## XVII.  LEGAL PROCESS

1.      If a Receiving Party is served with a discovery request, subpoena, or an order issued in another litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as Protected Material, the Receiving Party must notify the Designating Party of such request, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization,  the Designating Party,  in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process.  Notice shall be provided by the Receiving Party as soon as reasonably practicable and in any event no later than five business days after receipt of the request for disclosure, unless production is required earlier than ten business days after receipt of the request for disclosure, in which case notice must be provided to the Designating Party in time for the Designating Party to take steps as set forth below.

2.      The Receiving Party also must promptly inform the party that served the discovery request, subpoena, order, or other form of legal process or request for disclosure of Protected Material that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party who has served the discovery request, subpoena, order, or other form of legal process or request for disclosure of Protected Material.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the

- 21 -

Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Protected Material subject to this Order, the Receiving Party shall request confidential treatment for the Protected Material.

(a)     The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

(b)     In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in another litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Confidential Material or Highly Confidential Material.

## XVIII. NON-PARTIES

Any Party, in conducting discovery from Non-Parties in connection with this Action, shall, at the Non-Party's request, provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein. If a Non-Party provides

discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.

## XIX.   NOTICES

All notices required by this Order must be provided in writing to Outside Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived, in whole or in part, but only in writing by an attorney for the Designating Party.

## XX.   AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## XXI.   RIGHT TO ASSERT OTHER OBJECTIONS

By entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

## XXII.   VIOLATIONS OF PROTECTIVE ORDER

In the event that any person or party should violate the terms of this Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The Parties and any other person subject to the terms of this

Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this

Order.

## EXHIBIT A

### Agreement to Be Bound by Protective Order

I have been informed that on_____, 2020, the U.S. District Court for the Southern District of New York entered a protective order in the litigation captioned *City of Birmingham Firemen's and Policemen's Supplemental Pension System, et al. v. Ryanair Holdings plc, et al.*, No. 1:18-cv-10330-JPO (S.D.N.Y.).  I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

IT IS SO ORDERED.

Dated: October 23, 2020

_____
J. PAUL OETKEN
United States District Judge