UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————— x
CITY OF BIRMINGHAM FIREMEN'S AND :   Civil Action No. 1:18-cv-10330-JPO
POLICEMEN'S SUPPLEMENTAL PENSION :
SYSTEM, Individually and on Behalf of All :   <u>CLASS ACTION</u>
Others Similarly Situated, :
                              :   STIPULATION AND AGREEMENT OF
                   Plaintiff, :   SETTLEMENT
                              :
     vs. :
                              :
RYANAIR HOLDINGS PLC and MICHAEL :
O'LEARY, :
                              :
                Defendants. :
———————————————— x

4876-9059-1832.v2

This Stipulation and Agreement of Settlement dated as of June 7, 2023 (the "Stipulation" or the "Settlement"), is made and entered into by and among: (i) Lead Plaintiffs City of Birmingham Firemen's and Policemen's Supplemental Pension System and City of Birmingham Retirement and Relief System (collectively, "Plaintiff"), by and through their counsel of record in the Litigation (as defined below); and (ii) defendants Ryanair Holdings plc (the "Company" or "Ryanair") and Michael O'Leary (collectively, "Defendants"), by and through their counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.        THE LITIGATION

The initial complaint in this case was filed in the United States District Court for the Southern District of New York (the "Court") on November 6, 2018.  On January 24, 2019, the Court appointed Plaintiff as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On April 5, 2019, Plaintiff filed its First Amended Complaint for Violations of the Federal Securities Laws (the "FAC"), alleging claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  The FAC asserted Exchange Act claims on behalf of all purchasers of Ryanair American Depository Shares ("ADSs") between May 30, 2017 and September 28, 2018, inclusive.  On June 14, 2019, Defendants moved to dismiss the FAC.  On June 1, 2020, the Court granted in part and denied in part Defendants' motions to dismiss.  On July 30, 2020, Defendants filed an answer to the FAC, and asserted defenses thereto.

On November 13, 2020, Plaintiff filed its motion for class certification and accompanying declarations, including an expert report addressing issues of market efficiency and a class-wide damages model.

- 1 -

On February 4, 2021, the Court held a discovery hearing to resolve ongoing discovery disputes stemming from Defendants' responses and objections to Plaintiff's first set of requests for production of documents to Defendants.  The Court determined, as a result of its partial grant of Defendants' motion to dismiss, that the class period should be narrowed to May 30, 2017 through December 15, 2017.

Thereafter, on March 24, 2021, the Court set a briefing schedule for Plaintiff to seek leave to amend the FAC, stayed discovery, adjourned all deadlines set forth in the Amended Civil Case Management Plan, and withdrew without prejudice Plaintiff's motion for class certification.  On March 31, 2021, Plaintiff filed its motion for leave to file a second amended complaint to: (1) add factual allegations based on evidence recently obtained through Plaintiff's ongoing investigation and Defendants' discovery; and (2) join City of Sterling Heights Police & Fire Retirement System ("Sterling Heights") and MARTA/ATU Local 732 Employees Retirement Plan ("MARTA") as additional named plaintiffs.  Defendants opposed Plaintiff's motion and on September 22, 2022, the Court denied Plaintiff's motion for leave to further amend the complaint and discovery resumed.

On October 6, 2022, Plaintiff requested leave to file a motion for partial reconsideration of the Court's September 22, 2022 Opinion denying Plaintiff's motion for leave to amend the FAC. Plaintiff argued that while the Opinion was clear as to the disposition of Plaintiff's request to amend to add certain claims, it did not specifically address Plaintiff's request to amend the FAC to add Sterling Heights and MARTA as named plaintiffs.

During the course of the Litigation, both after the Court's Order on Defendants' motion to dismiss and Plaintiff's motion for leave to amend the FAC, the parties engaged in fact discovery.

In November 2022, the Settling Parties (as defined below) agreed to mediate the Litigation with Gregory P. Lindstrom.  On December 1, 2022, the Settling Parties exchanged mediation

- 2 -

4876-9059-1832.v2

statements and during December 2022 held numerous discussions with Mr. Lindstrom. Over the next three months, the Settling Parties continued to engage in good faith, arm's-length negotiations while continuing to litigate the case. On March 10, 2023, the mediator made a mediator's recommendation that the case be settled for $5,000,000. On March 15, 2023, the Settling Parties agreed to accept the mediator's recommendation. On March 17, 2023, the Settling Parties informed the Court that they had reached an agreement in principle, subject to final documentation of the Settlement's terms.

## II.   PLAINTIFF'S CLAIMS AND THE BENEFIT OF SETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. However, Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff and its counsel are also mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiff and its counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class (as defined below). Based on their evaluation, Plaintiff and its counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiff and the Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiff and the Class in the Litigation. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or

omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that Plaintiff or the Class have suffered any damage, that the price of Ryanair ADS was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise, or that Plaintiff or the Class was harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants have, therefore, determined that it is in their best interests and the best interests of all of the first named Defendant's shareholders to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for itself and the Class Members (as defined below)) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

- 4 -

1.1     "Authorized Claimant(s)" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all persons and entities who purchased or otherwise acquired Ryanair ADSs between May 30, 2017 and September 28, 2018, inclusive, and were damaged thereby. Excluded from the Class are Defendants and their immediate families, Ryanair's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Class are any Persons (as defined below) who timely and validly request exclusion from the Class as ordered by the Court.

1.4     "Class Member(s)" or "Member(s) of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5     "Class Period" means the period from May 30, 2017 to September 28, 2018, inclusive.

1.6     "Defendants" means Ryanair (as defined below) and Michael O'Leary.

1.7     "Defendants' Counsel" means the law firm of Cleary Gottlieb Steen & Hamilton LLP.

1.8     "Effective Date," or the date upon which this Settlement becomes "effective," means three business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

- 5 -

1.10    "Final" means when the last of the following with respect to the Judgment (as defined below) approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Plaintiff's counsel's attorneys' fees and expenses, payments to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    "Individual Defendant" means Michael O'Leary.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.14    "Litigation" or "Action" means the action captioned *City of Birmingham Firemen's and Policemen's Supplemental Pension System v. Ryanair Holdings plc, et al.*, No. 1:18-cv-10330-JPO.

- 6 -

1.15    "Net Settlement Fund" means the Settlement Fund (as defined below) less any attorneys' fees, expenses, and interest and any award to Plaintiff, provided for herein or approved by the Court, and less Notice and Administration Expenses (as defined below), Taxes (as defined below) and Tax Expenses (as defined below), and other Court-approved deductions.

1.16    "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plaintiff" means City of Birmingham Firemen's and Policemen's Supplemental Pension System and City of Birmingham Retirement and Relief System.

1.18    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties (as defined below) shall have any responsibility or liability with respect thereto.

1.19    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.20    "Related Parties" means each of a Defendants' respective present, former, or future parents, subsidiaries, divisions, and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint

- 7 -

ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

1.21    "Released Claims" means any and all claims, demands, rights, suits, debts, obligations, losses, damages, matters, judgments, issues, causes of action or liabilities of every nature and description whatsoever (including Unknown Plaintiff's Claims (as defined below)), that were or could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class, or individual in nature, based upon, related in any way to, in connection with, or arising from: (i) the purchase or acquisition of Ryanair ADSs during the Class Period; and (ii) any of the allegations, acts, transactions, disclosures, statements, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in this Action, or which could have been alleged in this Action. Released Claims does not include claims to enforce the Settlement.

1.22    "Released Persons" means each and all of the Defendants and their Related Parties.

1.23    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Plaintiff, Class Members, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their

immediate family members.  Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

1.24    "Ryanair" or "Company" means Ryanair Holdings plc.

1.25    "Settlement Amount" means five million dollars ($5,000,000.00) in cash to be paid by wire transfer or cheque sent by overnight mail to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.26    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.27    "Settling Parties" means, collectively, Defendants, Plaintiff, and the Class.

1.28    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.29    "Unknown Defendants' Claims" means claims referenced in ¶4.4 below which Defendants do not know or suspect to exist in their favor at the time of the release of Plaintiff, the Class Members, and Lead Counsel which, if known by him, her, or it, might have affected their settlement with and release of Plaintiff, Class Members, and Lead Counsel.  With respect to any and all such claims, the Settling Parties stipulate and agree that, upon the Effective Date, Defendants shall expressly waive the provisions, rights, and benefits of California Civil Code §1542, quoted below, as well as any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the claims referenced in ¶4.4 below, but Defendants shall expressly release any and all such claims,

known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

      1.30    "Unknown Plaintiff's Claims" means any Released Claims which Plaintiff or the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them might have affected their settlement with and release of the Released Persons, or might have affected their decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiff shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiff and the Releasing Plaintiff Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff shall expressly waive, compromise, discharge, extinguish, settle,

and release, and each Releasing Plaintiff Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled, and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiff acknowledges, and the Releasing Plaintiff Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

     **2.**     **The Settlement**

        **a.**     **The Settlement Amount**

     2.1     Ryanair shall pay or cause to be paid the Settlement Amount by wire transfer or cheque sent by overnight mail in accordance with instructions to be provided by the Escrow Agent within ten (10) calendar days after the later of: (a) entry of the Preliminary Approval Order (as defined below); or (b) the provision to Defendants of all information necessary to effectuate a transfer of funds to a segregated escrow account maintained by the Escrow Agent (the "Escrow Account"), including the bank name and ABA routing number, address, account name and number, and a signed W-9 reflecting the taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.  The Escrow Agent shall deposit the Settlement Amount into the Escrow Account.

2.2     The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Released Claims.  The Settlement Amount paid by Ryanair and/or its insurers on behalf of the Defendants is the sole monetary responsibility of the Released Persons under this Stipulation, and Releasing Plaintiff Parties who do not timely seek to exclude themselves from the Class shall not look to any of the Defendants or their respective Related Parties for satisfaction of any and all Released Claims.  The Released Persons are not responsible for payment of Notice and Administration Expenses, or any out-of-pocket expenses, other than out of the Settlement Amount, as provided herein.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

**b.     The Escrow Agent**

2.3     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow

- 12 -

Agent shall maintain the Settlement Fund and/or the financial instruments in which the Escrow Agent invests the Settlement Amount in a separate account.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4      Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for any transaction executed by the Escrow Agent.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.5      The Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

2.6     It shall be Lead Counsel's sole responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court.  Defendants shall not bear any cost or responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c.     Taxes

2.7     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1 of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For the purpose of Treas. Reg. §1.468B-1 the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described above) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(b) hereof.

- 14 -

(b)       All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses as set forth in this ¶2.7 (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.      Termination of Settlement

2.8      In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.      Preliminary Approval Order and Settlement Hearing

3.1      Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined in ¶6.1 hereof), and the date of the Settlement Hearing (as defined below).  Upon exhaustion of the Settlement Fund, the Claims Administrator shall within thirty (30) business days thereafter take down, deactivate or otherwise delete any website or domain established for purposes of publicizing or administering the Settlement.

3.2      Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and Plaintiff's request for an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

- 16 -

**4.      Releases**

4.1      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of this Action as against Defendants; (ii) the releases provided for herein; and (iii) all other terms contained herein.

4.2      Pursuant to the Judgment, without further action by anyone, upon the Effective Date, Plaintiff shall, and each of the Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims against the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against the Released Persons, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.  Upon the Effective Date, all Releasing Plaintiff Parties, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.3      The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.4      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members, and Lead Counsel from any claim, award, or cause of action of any nature or description (including Unknown Defendants' Claims), whether

- 17 -

4876-9059-1832.v2

arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Action, except for claims relating to the enforcement of the Settlement.  Notwithstanding the foregoing, nothing in this Stipulation or its exhibits shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Persons.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2      The Settlement Fund shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)      if and to the extent allowed by the Court, to pay attorneys' fees and expenses of counsel for Plaintiff (the "Fee and Expense Award"), and to pay Plaintiff an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class; and

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3      After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following: Within 90 calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized

Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified therein.  Any Person who submits a Proof of Claim and Release shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.

5.4     All Members of the Class (except Persons who request exclusion) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

5.5     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible but in no event longer than five calendar days after receipt.

5.6     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within the applicable period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

- 19 -

5.7    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the New York Bar Foundation.

5.8    Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.10 hereof; and the Releasing Plaintiff Parties, Plaintiff, and Lead Counsel release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.9    No Person shall have any claim against Plaintiff, Lead Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.10    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

Judgment approving the Stipulation and the Settlement set forth therein.

**6.      Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1      Lead Counsel may submit an application or applications (the "Fee and Expense

Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with

prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate

and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the

Court.  Lead Counsel reserves the right to make additional applications for fees and expenses

incurred.

6.2      The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from

the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order

awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees among

other Plaintiff's counsel, if any, in a manner in which they in good faith believe reflects the

contributions of such counsel to the initiation, prosecution, and/or resolution of the Litigation.

6.3      In the event that the Effective Date does not occur, or the Judgment or the order

making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or

terminated for any other reason, and such reversal, modification, cancellation, or termination

becomes Final and not subject to review, and in the event that the Fee and Expense Award has been

paid to any extent, then such of Plaintiff's counsel who have received any portion of the Fee and

Expense Award shall within five business days from receiving notice from Defendants' Counsel or

from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses

previously paid to them from the Settlement Fund plus the interest earned thereon in an amount

consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to this paragraph shall be the several obligation of such Plaintiff's counsel, including their partners and/or shareholders, that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiff's counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     Plaintiff may submit an application for awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6.5     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiff's counsel for attorneys' fees and expenses, or awards to Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of the Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any awards to Plaintiff or Lead Counsel, or any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or Plaintiff's application for awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

6.6      Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Plaintiff's counsel or to Plaintiff.

6.7      Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiff's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1      The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)      the Settlement Amount has been deposited into the Escrow Account;

(b)      the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof, substantially in the form set forth in Exhibit A attached hereto;

(c)      the Court has granted final approval to the Settlement as described herein, following notice to the Class and a hearing, as required by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)      Ryanair has not exercised its option to terminate the Settlement pursuant to ¶7.3 hereof; and

(e)      the Judgment has become Final, as defined in ¶1.10 hereof.

7.2      Upon the Effective Date, any and all remaining interest or right of the Defendants and/or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.  If the conditions specified in ¶7.1 hereof are

- 23 -

not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

7.3     Ryanair shall have the option to terminate the Settlement in the event that Class Members representing more than a certain percentage of Ryanair ADSs subject to this Settlement exclude themselves from the Class in accordance with the Notice, as set forth in a confidential separate agreement (the "Supplemental Agreement") to be executed between Plaintiff and Ryanair, by and through their counsel, concurrently with this agreement.  The terms of the Supplemental Agreement shall not be disclosed in any other manner other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement unless and until the Court otherwise directs or a dispute arises between Plaintiff and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the parties will undertake to have the Court review the Supplemental Agreement *in camera* without filing it on the docket.  If the Court requires that the Supplemental Agreement be filed, the parties shall request that it be filed under seal or with a percentage redacted.

7.4     Each of Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within 30 calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order substantially in the form set forth in Exhibit A attached hereto; (b) the Court's refusal to approve this Stipulation; (c) the Court's refusal to enter the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; (d) the date upon which the Judgment is reversed, vacated, or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason.  For the avoidance of doubt,

- 24 -

no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or any amount awarded to Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five business days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.5 and 2.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.5 and 2.7 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

7.6     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of March 15, 2023. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.30, 2.5-2.8, 6.3-6.5, 7.4-7.6, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to any of Plaintiff's counsel or awards to Plaintiff pursuant to 15

- 25 -

U.S.C. §78u-4(a)(4) shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.5 or 2.7.  In addition, any expenses already incurred pursuant to ¶¶2.5 or 2.7 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.5 hereof.

7.8     In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Defendants to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any Defendant, then, at the election of Plaintiff, as to Defendants, the Settlement may be terminated and the Judgment entered in favor of Defendants pursuant to the Settlement shall be null and void and the Settlement Fund shall be promptly returned with the exception of any amounts disbursed or incurred pursuant to ¶¶2.5 or 2.7.  Alternatively, at the election of Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants and that Defendants and Plaintiff and Members of the Class shall be restored to their litigation positions as of March 15, 2023, and the Settlement Fund shall be promptly returned with the exception of any amounts disbursed or incurred pursuant to ¶¶2.5 or 2.7.

**8.      No Admission of Wrongdoing**

8.1      The Settling Parties agree that neither the Settlement, this Stipulation (whether or not consummated), including its exhibits and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communication relating thereto, is evidence, or an admission or concession by any settling party or its counsel, of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

8.2      Throughout the course of the Action, Defendants have denied and continue to deny liability and maintain that they have meritorious defenses.   Nonetheless, Defendants have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in this Stipulation in order to avoid the cost and burden of litigation.

8.3      Neither the Settlement, this Stipulation (whether or not consummated), including its exhibits and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could

- 27 -

have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Plaintiff and the Class;

(c) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d) shall be construed against Defendants, Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

8.4    The Defendants and/or their respective Related Parties may file this Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

- 28 -

settlement, judgment bar or reduction, or any theory or claim preclusion or issue preclusion or similar defense or counterclaim.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any settling party as to the merits of any claim or defense.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Federal Rule of Civil Procedure 11 relating to the institution, prosecution, defense, or settlement of the Action, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.

9.3      Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in

- 29 -

any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings had in connection with this Stipulation confidential.  Notwithstanding the foregoing, the parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

9.6     All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached thereto, the terms of this Stipulation shall prevail.

9.7     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein.  Defendants shall be responsible for mailing such notice within the time provided for in 28 U.S.C. §1715(b) and for all expenses and costs related thereto.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.10    The Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein or in a separate written agreement, each party shall bear its own costs.

9.11    Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.13    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via email shall be deemed originals.

9.14    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.  Any such actions, motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

9.16    Pending approval of the Court of the Stipulation and its exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.17    This Stipulation and its exhibits shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

9.18    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between all parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 7, 2023.

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
ROBERT R. HENSSLER JR.
HILLARY B. STAKEM
TING H. LIU
SARAH A. FALLON

_____
        ROBERT R. HENSSLER JR.

- 32 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bhenssler@rgrdlaw.com
hstakem@rgrdlaw.com
tliu@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
malba@rgrdlaw.com
eboardman@rgrdlaw.com

Lead Counsel for Lead Plaintiff and the Class


CLEARY GOTTLIEB STEEN
   & HAMILTON LLP
ROGER A. COOPER
JARED GERBER
THOMAS S. KESSLER
PATRICK C. SWIBER


                              ROGER A. COOPER

One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
212/225-3999 (fax)
racooper@cgsh.com
jgerber@cgsh.com
tkessler@cgsh.com
pswiber@cgsh.com

Counsel for Defendants

4876-9059-1832.v2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 7, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Robert R. Henssler Jr.
ROBERT R. HENSSLER JR.

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  BHenssler@rgrdlaw.com

# Mailing Information for a Case 1:18-cv-10330-JPO City of Birmingham Firemen's and Policemen's Supplemental Pension System v. Ryanair Holdings plc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Erin Whitney Boardman**
  eboardman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Roger Allen Cooper**
  racooper@cgsh.com,maofiling@cgsh.com

- **Sarah Fallon**
  sfallon@rgrdlaw.com

- **Jared Mitchell Gerber**
  jgerber@cgsh.com,maofiling@cgsh.com

- **Robert R. Henssler , Jr**
  bhenssler@rgrdlaw.com,kmccormack@rgrdlaw.com

- **Thomas S Kessler**
  tkessler@cgsh.com,maofiling@cgsh.com

- **Ting Liu**
  tliu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Dominic LoVerde**
  dloverde@powerrogers.com

- **Francisco J. Mejia**
  fmejia@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com

- **Mitchell M.Z. Twersky**
  mtwersky@aftlaw.com,ahirsch@aftlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Case 1:18-cv-10330-JPO   Document 130   Filed 06/07/23   Page 38 of 38

- (No manual recipients)